UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ZIMMERMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 4:21-cv-3346-YGR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>Dkt. No. 13 |

Plaintiff Marc Zimmerman ("Zimmerman") brings this action against defendant The Guardian Life Insurance Company of America ("Guardian"), based on Guardian's miscalculation and misinformation of Zimmerman's benefits under his former employer's benefit plan. Zimmerman brings five causes of action: (1) recovery of employee benefits under 29 U.S.C. §§ 1132(a)(1)(B); (2) equitable relief under 29 U.S.C. §§ 1132(a)(3); failure to produce documents under 29 U.S.C. §§ 1-24(b)(4); (4) negligent misrepresentation; and (5) intentional infliction of emotional distress. (Dkt. No. 1.)

Now before the Court is Guardian's motion to dismiss Zimmerman's third, fourth, and fifth causes of action. (Dkt. No. 13.) The matter was fully briefed by the parties. (*See also* Dkt. Nos. 14 and 15.)

Having carefully considered the papers submitted, the pleadings in this action, the oral argument that took place during the July 27, 2021 hearing, and for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Guardian's motion to dismiss.

With regards to Zimmerman's third cause of action for failure to produce documents, the Court **GRANTS** Guardian's motion to dismiss this claim because Zimmerman has failed to allege facts sufficient to show that Guardian is a plan administrator, and Section 1132(c)(1) only applies to plan administrators. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1234

(9th Cir. 2000) ("only the plan 'administrator' can be held liable for failing to comply with the reporting and disclosure requirements.); *see also Vaught v. Scottsdale Healthcare Corp. v. Health Plan*, 546 F.3d 620, 633 (9th Cir. 2008) (holding that plaintiff's claim under Section 1132(c) failed as a matter of law when the claim was brought against the plan and not the plan's administrator). Thus, the Court **DISMISSES** Zimmerman's third cause of action **WITHOUT PREJUDICE**.[1] Should discovery reveal additional facts that would change the analysis, Zimmerman may bring a timely motion to amend.

As for Zimmerman's negligent misrepresentation and intentional infliction of emotional distress claims ("state law claims"), the Court finds that those claims are not preempted under ERISA because they are based on common law negligence principles and "do not have a 'reference to or connection with' an ERISA plan." *Bafford v. Northrop Grumman Corp.,* 994 F.3d 1020, 1032 (9th Cir. 2021) (finding the plaintiffs' state law negligence and negligent misrepresentation claims were not preempted by ERISA.) In *Bafford*, recent retirees brought statutory and state law claims against their former employer, the plan administrator, and a third-party company retained to calculate the projected benefits. *Id.* at 1024. Defendants moved to dismiss the state law claims on preemption grounds. *Id.* In finding that the state law claims were not preempted, the Ninth Circuit looked at the general principles of whether the claims "relate to" or had a "connection with" an ERISA plan. *Id.* at 1031-32. The Ninth Circuit also looked at the nature of the task at hand—the calculation of pension benefits—and determined that such task was non-fiduciary in nature, and thus, not preempted under ERISA. *Id.* at 1031. The Ninth Circuit held that the "calculation of pension benefits is a ministerial function that does not have a fiduciary duty attached to it." *Id.* at 1028. The Court then went on to hold that "even if [the third-party company] were a functional fiduciary with respect to some of its actions, it would not have been acting as a fiduciary when performing calculations according to the [p]lan formula." *Id.* (*citing Acosta v. Brian*, 910 F.3d 502, 517 (9th Cir. 2018); "ERISA requires that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat when making fiduciary decisions.")

---

[1] However, the Court questions whether the request documents fall under the category of documents governed under Section 1132(a)(1).

In holding that the claims were not preempted the Ninth Circuit noted that "holding both that the [defendant's] calculations were not a fiduciary function and that the state law claims are preempted would deprive plaintiffs of a remedy for a wrong they allege without examination of the merits of their claim. Broadly, this would be inconsistent with ERISA's purpose." *Id.* at 1031. In essence, the Ninth Circuit looked not at whether the defendant was a fiduciary itself, but whether a fiduciary duty attached to the task that the defendant was undertaking. *Id*. Having found that a fiduciary duty does not attach to the calculation of benefits, the Ninth Circuit held that claims arising from defendant's miscalculation of benefits were not preempted under ERISA. *Id.*

In an attempt to distinguish *Bafford*, Guardian argues that the *Bafford's* teachings do not apply here because: (1) in *Bafford* the plaintiff brought the claim for misrepresentation in the alternative to the ERISA claim, and (2) plaintiff's claims were against a non-fiduciary service provider. Guardian's first point is moot. During the hearing, counsel for Zimmerman clarified, and the Court understands, that Zimmerman's state law claims were being brought in the alternative to the fiduciary duty claims. As to the second point, Guardian tries to make a distinction that does not exist. *Bafford's* preemption analysis did not turn on whether the defendant was a fiduciary, but whether a fiduciary duty attached to the task at hand. Zimmerman has plead a plausible act similar to that in *Bafford*. Thus, Guardian's attempt to distinguish *Bafford* fails. Applying *Bafford* to this case, the Court finds that Zimmerman's negligent misrepresentation and intentional infliction of emotional distress claims are not preempted under ERISA. Thus, the Court **DENIES** Guardian's motion to dismiss these claims. The Court further **DENIES** Guardian's request to strike Zimmerman's request for a jury trial as moot.

Guardian shall file an answer to Zimmerman's complaint within twenty-one (21) days from the date of this Order.

This Order terminates Docket Number 13.

**IT IS SO ORDERED.**

Dated: July 30, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE