UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ZIMMERMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 21-cv-03346-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 48 |

The parties have a discovery dispute. ECF No. 48. "The dispute is this: Defendant Guardian has withheld certain communications between its claims department and in-house counsel on the grounds of the attorney-client privilege. Such communications, however, fall within the fiduciary exception to the attorney-client privilege applicable to ERISA claims. Because Plaintiff's action includes both ERISA claims and bifurcated state-law claims, however, Guardian will not produce the communications absent agreement by Plaintiff that the communications will not be used in connection with Plaintiff's state-law claims." *Id*.

This problem – that the privileged status of a particular document might be *different* for different claims in the case – comes up all the time in federal litigation. Indeed, it practically has to come up all the time because Federal Rule of Evidence 501 says that "[t]he common law – as interpreted by United States courts in the light of reason and experience governs a claim of privilege . . . . [b]ut in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Federal lawsuits routinely allege federal claims and pendent state-law claims, and federal and state rules about privilege are often different. What is a

1  litigant supposed to do when a given document is *not* privileged under federal law and thus seems
2  to be discoverable with respect to the federal claims, but *is* privileged under state law and thus
3  seems to be nondiscoverable as to the state claims, which is our situation here?

4      The Ninth Circuit has provided two slightly different answers to this question.  One is the
5  emphatic and unqualified holding that "[w]here there are federal question claims and pendent state
6  law claims present, the federal law of privilege applies."  *Agster v. Maricopa County*, 422 F.3d
7  836, 839-40 (9th Cir. 2005).  A more nuanced holding is that "[w]here, as here, the same evidence
8  relates to both federal and state law claims . . . . federal privilege law applies."  *Wilcox v. Arpaio*,
9  753 F.3d 872, 876 (9th Cir. 2014).  There is some daylight between these positions, and some
10 lower courts have criticized the more nuanced view, observing that a "rule that would require
11 federal privilege law to be applied to information relevant to federal claims and state privilege law
12 to be applied to information relevant only to state claims brought in the same lawsuit would be
13 unworkable, as it would require the producing party to determine to which of the receiving party's
14 claims a particular piece of evidence is relevant.  The producing party has neither the knowledge
15 nor the motivation to interpret the receiving party's claims broadly enough to cover the requested
16 information . . ."  *Love v. Permanente Medical Group*, 2013 WL 4428806, *3 (N.D. Cal. Aug. 15,
17 2013).  "On the other hand, where the documents sought are relevant *only* to pendent state law
18 claims and not to the federal claims in a federal question case, at least one court has held that state
19 privilege law applies."  *Boyd v. City and County of San Francisco*, 2006 WL 1390423, *3 (N.D.
20 Cal. May 18, 2006) (emphasis original) (citing *Platypus Wear, Inc. v. K.D. Co., Inc*., 905 F. Supp.
21 808 (S.D. Cal. 1995)).

22     In this case we don't have to choose between the emphatic and nuanced versions of the
23 Ninth Circuit's answer because Guardian does not contend that the communications at issue are
24 relevant *only* to the state law claims. Quite the opposite:  Guardian concedes that they are relevant
25 and discoverable for the federal ERISA claims.  It is also clear from reading the Complaint that
26 any documents that would fall within the fiduciary exception to the attorney-client privilege with
27 respect to the first claim for relief under ERISA concerning the denial of benefits would also relate
28 to the alternatively pled fourth claim for relief for negligent misrepresentation.  The first claim for

1    relief alleges that Plaintiff is entitled to monthly benefits of $15,000, and the fourth claim says that
2    if that is not true, then Guardian misrepresented what level of benefits he would be entitled to.
3    Any legal advice that would be relevant to the first claim would necessarily be relevant to the
4    fourth one.  Thus, we are in the situation where the same evidence relates to both the federal and
5    state claims, and so under either view of Ninth Circuit law, federal privilege law – and *only* federal
6    privilege law – applies.[1]

7    The wisdom of the Ninth Circuit's case law is underscored by the practical reality that a
8    document cannot be both privileged and nonprivileged at the same time in the same lawsuit – a
9    reality that Guardian tacitly acknowledges.  Guardian argues that "[i]f Plaintiff wants the Court to
10   apply the fiduciary exception to obtain documents that would be squarely subject to privilege and
11   non-disclosure in any other context, he should be required to agree to not use the documents in the
12   prosecution of his state-law claims in the event his ERISA claims fail."  ECF No. 48.  But the
13   attorney-client privilege is not a *use* restriction.  If a document is privileged, your opponent is not
14   supposed to see it *at all*.  He is not supposed to read it or know what it says.  Remember, a
15   privileged document could reveal legal analysis showing weaknesses in your case, weaknesses
16   your opponent might not have figured out on his own, and he could use that analysis against you
17   without ever marking the document as an exhibit.  True, when a privileged document is
18   inadvertently produced and clawed back, the receiving party is not supposed to "use" it, *see* Fed.
19   R. Civ. Proc. 26(b)(5)(B), but that's just a second-best remedy in light of the fact that the
20   production had already occurred.  In general, the attorney-client privilege is a privilege against
21   *disclosure*, and the use restriction that Guardian proposes is not the same thing.  Once a document
22   is produced to the Plaintiff and he is allowed to use it to litigate his ERISA claims, there is no
23   meaningful sense in which it is privileged anymore.

24   Accordingly, the Court orders Guardian to produce the communications at issue in

---

[1] It is of no significance that the Court may rule on the federal claims first, and if they fail, then Plaintiff may have only his state claims.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158-59 (9th Cir. 2016) ("Sony ultimately dismissed the federal law claims, and the action ultimately proceeded under the court's diversity jurisdiction. But the eventual dismissal of federal claims does not govern whether the evidence related to federal law.").

United States District Court
Northern District of California

unredacted form.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge